# EXHIBIT A

December 10, 2025

Clerk of Courts
Augusta District Court
1 Court Street
Augusta, ME 04330

Re:   New Civil Complaint filing for District Court

Dear Clerk of Courts:

Please find enclosed the following documents for a new civil complaint:

- Civil Summary Sheet
- Contract Case Cover Sheet
- Complaint
- Notification Regarding Electronic Service for Kevin P. Sullivan
- $175 check for filing fee

The served summons will be forwarded once I receive it. I am filing this personally, not through my law practice.

Sincerely,

Kevin P. Sullivan
1063 River Avenue
Gardiner, ME 04345
(207) 415-0302 (cell)
kevinsullivanmaine@gmail.com

AUGUSTA COURTS
DEC 15 '25 PM12:3⁹

**MAINE JUDICIAL BRANCH**

| | |
|---|---|
| Kevin P. Sullivan _____ Plaintiff | *"X" the court for filing:* <br> ☐ Superior Court ☒ District Court <br> County: Kennebec <br> Location (Town): Augusta |
| V. | |
| U.S. Cellular _____ Defendant | Docket No.: _____ |

## CONTRACT CASE COVER SHEET
4 M.R.S. § 18-A(3-A), 32 M.R.S. § 1100232, M.R.S. § 11020

Please check the appropriate box for the case being filed and follow instructions.

☒ **A. General "Other" Contract Action** - This case is a breach of contract case that is *not* a collection action pursuant to 32 M.R.S. § 11002(1-A), and neither the plaintiff nor plaintiff's counsel is a debt collector as defined by 32 M.R.S. § 11002(5-A) or (6).

Instructions:
- Pay the general civil case filing fee
- Sign the bottom of this form
- Select "Other Contract" on the Civil Summary Sheet

☐ **B. Debt Collection Action** – This case is to collect an alleged credit card debt, student loan debt, or other consumer debt and is governed by Title 32 Chapter 109-A of the Maine Revised Statutes, and the plaintiff or plaintiff's counsel is a debt collector as defined in 32 M.R.S. § 11002(5-A) or (6).

Instructions:
- Pay the debt collection filing fee and the $127 surcharge (4 M.R.S. § 18-A(3-A))
- Sign the bottom of this form.
- Select "Debt Collection" on the Civil Summary Sheet
- Select if applicable: ☐ Credit Card Debt is alleged ☐ Student Loan Debt is alleged

AUGUSTA COURTS
DEC 15 '25 PM 12:34

> **PLEASE NOTE:** When an attorney debt collector, as defined in 32 M.R.S. § 11002(6), brings an action on behalf of and in the name of a supervised financial organization to collect a credit card or student loan debt, section B above is the appropriate choice. 32 M.R.S. § 11020.

☒ I swear under penalty of perjury that the above statements are true and correct. I understand that these statements are made for use as evidence in court and that I am subject to prosecution for perjury punishable by up to 5 years in prison and a fine of up to $5,000 if I give false information to the court.

Date (mm/dd/yyyy): 12/10/2025         ▶ _/s/_____
(☐ Attorney for) Plaintiff

Kevin P. Sullivan
Printed name and Bar No. (if applicable)

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need reasonable accommodation, contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

# MAINE JUDICIAL BRANCH

This summary sheet and the information it contains do not replace or supplement the filing and service of pleadings or other papers as required by the Maine Rules or by law. This form is required for the Clerk of Court to initiate or update the civil docket. The information on this summary sheet is subject to the requirements of M. R. Civ. P. 11.

I. **COUNTY OF FILING OR DISTRICT COURT JURISDICTION** *("X" the appropriate box and enter the County or location)*
   - ☐ Superior Court County: _____
   - ☒ District Court Location (city/town): Augusta

II. **NATURE OF THE FILING**
   - ☒ Initial Complaint
   - ☐ Third-Party Complaint
   - ☐ Cross-Claim or Counterclaim
   - ☐ Reinstated or Reopened case
   - Docket No.: _____
   *If filing a second or subsequent Money Judgment Disclosure, give the docket number of the first disclosure.)*

   **Initial Complaint**: A complaint filed as an original proceeding. A filing fee is required.
   **Third-Party Complaint**: An original defendant's action against a third party that was not part of the original proceeding. A filing fee is required.
   **Cross-Claim**: An original defendant's claim against another original defendant. No additional fee is required.
   **Counterclaim**: An original defendant's claim against an opposing party. No additional fee is required.
   **Reinstated or Reopened Case**: Money Judgment Disclosures or post-judgment motions.

III. ☐ **REAL ESTATE OR TITLE TO REAL ESTATE IS INVOLVED**

IV. **MOST DEFINITIVE NATURE OF ACTION**
   *("X" in ONE box. If the case fits more than one nature of action, select the one that best describes the cause of action.)*

GENERAL CIVIL
**Constitutional/Civil Rights**
☐ Constitutional/Civil Rights
**Contract**
☐ Debt Collection brought by a debt collector as defined by 32 M.R.S. § 11002 *(Contract Case Cover Sheet (CV-261) must be attached)*
☒ Other Contract *(Contract Case Cover Sheet (CV-261) must be attached)*
**Declaratory/Equitable Relief**
☐ Declaratory Judgment
☐ General Injunctive Relief
☐ Other Equitable Relief
**Non-Personal Injury Torts**
☐ Auto Negligence
☐ Libel/Defamation
☐ Other Negligence
☐ Other Non-Personal Injury Tort
**Personal Injury Torts**
☐ Assault/Battery
☐ Auto Negligence
☐ Domestic Tort
☐ Medical Malpractice
☐ Other Negligence
☐ Other Personal Injury Tort
☐ Product Liability
☐ Property Negligence

**Statutory Actions**
☐ Freedom of Access
☐ Other Statutory Action
☐ Unfair Trade Practice
**Miscellaneous Civil**
☐ Administrative Warrant
☐ Appointment of Receiver
☐ Arbitration Awards
☐ Common Law Habeas Corpus
☐ Drug Forfeiture
☐ Foreign Deposition
☐ Foreign Judgments
☐ HIV Testing
☐ Land Use Enforcement (80K)
☐ Minor Settlements
☐ Other Civil
☐ Other Forfeiture/Property Libel
☐ Pre-Action Discovery
☐ Prisoners Transfers
☐ Shareholders' Derivative Action

APPEALS (ADR EXEMPT)
☐ Administrative Agency (80C)
☐ Governmental Body (80B)
☐ Other Appeal

REAL ESTATE
**Foreclosures**
☐ Foreclosure (ADR exempt)
☐ Foreclosure (Diversion eligible)
☐ Foreclosure (Other)
**Title Actions**
☐ Boundary
☐ Easement
☐ Eminent Domain
☐ Quiet Title
**Miscellaneous Real Estate**
☐ Abandoned Road
☐ Adverse Possession
☐ Equitable Remedy
☐ Mechanics Lien
☐ Nuisance
☐ Other Real Estate DEC 15 '25
☐ Partition
☐ Trespass

CHILD PROTECTIVE CUSTODY
☐ Non-DHHS Protective Custody

SPECIAL ACTIONS
☐ Money Judgment Disclosure

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

V. **M.R. Civ. P. 16B ALTERNATIVE DISPUTE RESOLUTION (ADR)**
☐ I certify that pursuant to M.R. Civ. P. 16B(b), this case is exempt from a required ADR process because ("X" one box below):
  ☐ It falls within an exemption listed above (it is an appeal or an action for non-payment of a note in a secured transaction).
  ☐ The plaintiff or defendant is incarcerated in a local, state, or federal facility.
  ☐ The parties have participated in a statutory pre-litigation screening panel process with (name of panel chair) _____ that concluded on (date of panel finding - mm/dd/yyyy) _____.
  ☐ The parties have participated in a formal ADR process with (name of neutral) _____ on (date – mm/dd/yyyy) _____.
  ☐ The plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption.
  ☐ The action does not include ADR pursuant to M.R. Civ. P. 16(a)(1).
  ☐ There is other good cause for an exemption and the plaintiff has filed a motion for exemption.

VI. **PARTY AND ATTORNEY CONTACT INFORMATION**
*If you need additional space, list additional parties on an attachment and note "see attachment" in the appropriate section.*

> **Please note:** If a party is a government agency, use the full agency name or the standard abbreviation. If the party is an official within a government agency, identify the agency first and then the official, giving both name and title.

**(a) PLAINTIFF(S)**
*("X" the box below to indicate the party type associated with the filing)*
☒ Plaintiff(s)
☐ Third-Party Plaintiff(s)
☐ Counterclaim Plaintiff(s)
☐ Cross-Claim Plaintiff(s)

Is the plaintiff a prisoner in a local, state, or federal facility? ☐ Yes ☒ No

Name (*first, middle initial, last*): Kevin P. Sullivan
Mailing address (*include county*): 1063 River Avenue
Gardiner, ME 04345
Telephone: (207) 415-0302
Email: kevinsullivanmaine@gmail.com

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____
Telephone: _____
Email: _____

**(b) ATTORNEY(S) FOR PLAINTIFF(S)**
If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL plaintiffs, specify which plaintiff(s) the listed attorney(s) represents.*

Name and bar number: _____
Firm name: _____
Mailing Address: _____
Telephone: _____
Email: _____

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

**(c) DEFENDANT(S)**
*("X" the box below to indicate the party type associated with the filing)*
☒ Defendant(s)
☐ Third-Party Defendant(s)
☐ Counterclaim Defendant(s)
☐ Cross-Claim Defendant(s)

Is the defendant a prisoner in a local, state, or federal facility? ☐ Yes ☒ No

Name (*first, middle initial, last*): U.S. Cellular
Mailing address (*include county*): 8410 W. Bryn Mawr Ave., Suite 700
Chicago, IL 60631
Telephone: _____
Email: _____

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____
_____
Telephone: _____
Email: _____

**(d) ATTORNEY(S) FOR DEFENDANT(S)**
If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL defendants, specify which defendant(s) the listed attorney(s) represents.*

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

### (e) PARTIES IN INTEREST

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____
_____
Telephone: _____
Email: _____

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____
_____
Telephone: _____
Email: _____

### (f) ATTORNEY(S)

If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL parties in interest, specify which parties in interest the listed attorney(s) represents.*

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

### VII. RELATED CASE(S) IF ANY

Case name: _____
Docket Number: _____
Assigned Judge/Justice: _____

Date (*mm/dd/yyyy*): 12/10/2025      ▶ _____
                                       Signature of Plaintiff or Lead Attorney of Record

                                       Kevin P. Sullivan
                                       Printed Name of Plaintiff or Attorney

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      LOCATION: KENNEBEC
                                                                      CIVIL ACTION
                         DOCKET NO.: AUGDC-CV-2025- 377

KEVIN P. SULLIVAN,                        )
          Plaintiff,                  )
                           )
v.                                        )
                           )  COMPLAINT
U.S. CELLULAR,                            )
          Defendant.                  )

AUGUSTA COURTS
DEC 15 '25 PM12:34

     **NOW COMES** the Plaintiff, Kevin P. Sullivan, (hereinafter "Plaintiff") in the above-captioned matter, and files a complaint against U.S. Cellular (hereinafter "Defendant") as follows:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 4 M.R.S. §105 because the Plaintiff lives in Gardiner, County of Kennebec, and State of Maine.

## PARTIES

2. Kevin P. Sullivan is an individual resident of Gardiner, County of Kennebec, State of Maine.

3. U.S. Cellular is a business with a Clerk/Registered Agent located in Augusta, County of Kennebec, State of Maine.

## FACTS COMMON TO ALL COUNTS

4. Plaintiff repeats, re-alleges and incorporates herein by reference paragraphs 1 through 3 of this Complaint.

5. Plaintiff called Defendant in November 2024 after seeing an advertisement of four free phones up to $1,000 each upon switching to service with Defendant.

6. Plaintiff did not initially contract for services with Defendant, but called back again within days after speaking with his wife about the change in service. Plaintiff wanted four free phones (self, wife, and two children), but his current provider, T-Mobile, would not offer anything to keep Plaintiff's business.

7. The verbal contract over the telephone was for four free iPhones and four unlimited service lines with an expectation of the service cost of approximately $135.00 per month. Plaintiff was told by an agent of Defendant that the exact cost was unknown due to an estimation of taxes. It is unclear to Plaintiff why Defendant could not calculate taxes to an exact number.

8. Plaintiff activated the phones on Christmas Day 2024. The first billing was dated December 22, 2024, and the amount was incorrect. The first bill amount was $325.95. When Plaintiff initially contracted for the service with phones it was understood that the free phones were based on bill credits over two years and that the first bill might not be correct with a credit coming later to offset the higher first bill.

9. After the second bill (January 22, 2025 in the amount of $202.83) and third bill (February 22, 2025 in the amount of $202.83) were not correct, Plaintiff called Defendant in March 2025 when home sick. At the time of the March 2025 telephone call Plaintiff was told by an agent of Defendant that the mistake would be fixed. The fourth bill (March 22, 2025 in the amount of $135.82) came in at an amount around Plaintiff's expectation, therefore Plaintiff thought the issue was corrected. Although the March billing did not credit the past overcharges, Plaintiff understood from the telephone call that it may take multiple billing cycles to correct the issue.

10. The April 24, 2025 bill in the amount of $253.71 was confounding to Plaintiff. Plaintiff then called Defendant on April 28, 2025 and was told that an agent of Defendant would look into the issue and get back to Plaintiff within 72 hours. Plaintiff never received a phone call back from Defendant.

11. The May 22, 2025 bill in the amount of $231.21 confirmed for Plaintiff that Defendant was not going to help Plaintiff. Plaintiff made one more call to Defendant on June 5, 2025 and concluded that Defendant was not going to comply with the original contract.

12. Plaintiff has been unable to determine what the failure with Defendant is when the billing is different nearly every month, but the current billing of $111 per month for free phones is certainly part of the problem. The billing and payments through the date of this complaint are as follows:

| Date | Amount | Description |
|---|---|---|
| 12/22/2024 | $ 325.95 | Bill |
| 1/17/2025 | $ (325.95) | Payment |
| 1/22/2025 | $ 202.83 | Bill |
| 2/17/2025 | $ (202.83) | Payment |
| 2/22/2025 | $ 202.83 | Bill |
| March | | Call to US Cellular about incorrect billing |
| 3/22/2025 | $ 135.82 | Bill |
| 4/17/2025 | $ (135.82) | Payment for March |
| 4/22/2025 | $ 253.71 | Bill |
| 4/28/2025 | | Call to US Cellular about incorrect billing |
| 5/22/2025 | $ 231.21 | Bill |
| 6/5/2025 | | Call to US Cellular about incorrect billing |
| 6/22/2025 | $ 258.37 | Bill |
| 6/28/2025 | $ (135.00) | Payment |
| 6/28/2025 | $ (135.00) | Payment |
| 7/22/2025 | $ 258.28 | Bill |
| 7/22/2025 | $ (270.00) | Payment |
| 7/29/2025 | $ (135.00) | Payment |
| 7/30/2025 | $ 135.00 | Payment |
| 8/22/2025 | $ 373.72 | Bill |
| 8/28/2025 | $ (73.19) | Payment |
| 9/12/2025 | $ (135.00) | Payment |

| Date | Amount | Type |
|---|---|---|
| 9/16/2025 | $ (373.39) | Payment |
| 9/22/2025 | $ 346.57 | Bill |
| 10/17/2025 | $ (330.31) | Payment |
| 10/22/2025 | $ 231.28 | Bill |
| 11/26/2025 | $ (231.28) | Payment |
| 11/22/2025 | $ 231.28 | Bill |
| 11/16/2025 | $ (231.28) | Payment |

## COUNT I
## Breach of Contract

13. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 12 of this Complaint.

14. Plaintiff contracted with Defendant over the telephone for cellular telephone service on four lines and four free cellular telephones in the approximate amount of $135.00.

15. Defendant breached its contract by failing to provide the contracted service and telephones at the contracted price.

16. Defendant failed to perform on the contract per the promises and expectations of the parties.

17. Defendant's breach of contract is the proximate cause of Plaintiff's injuries and damage.

18. Plaintiff has continued to perform on the contract by paying the monthly charges, which are in varying amounts.

## COUNT II
## Maine Unfair Trade Practices Act
## 5 M.R.S. Chapter 10

19. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 18 of this Complaint.

20. Pursuant to 5 M.R.S. § 207, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."

21. Pursuant to 5 M.R.S.§ 213(1), "Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper."

22. Defendant has violated 5 M.R.S. § 207 by misrepresenting to Plaintiff the cost and provisions of the cellular telephone contract between the parties.

23. Defendant's violation of 5 M.R.S. § 207 has caused financial loss to Plaintiff.

24. At least 30 days prior to filing this action, Plaintiff gave Defendant a written demand for relief in the form of a copy of an early draft of this Complaint and a cover letter, a copy of which is attached as Exhibit 1.

### COUNT III
### Breach of Implied Covenant of Good Faith and Fair Dealing
### 11 M.R.S. § 1-1304

25. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 24 of this Complaint.

26. All contracts in Maine impose an obligation of good faith in its performance and enforcement.

27. Defendant breached the implied covenant of good faith and fair dealing pursuant to 11 M.R.S. § 1-1304.

28. Defendant's conduct undermined Plaintiff's rights under the contract.

### COUNT IV
### Promissory Estoppel

29. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 28 of this Complaint.

30. Defendant, through the salesperson on the telephone, made promises to Plaintiff. These promises were clear and unambiguous from the salesperson, as well as in advertising that induced Plaintiff to contact Defendant to change telephone service.

31. Based on those promises, Plaintiff cancelled service with T-Mobile and gave away the old telephones in reliance on those contract promises.

32. It was reasonable and foreseeable that Plaintiff would rely on Defendant's advertisements and rely on the statements of Defendant's salesperson.

33. Plaintiff in fact relied on the advertisements and statements of Defendant.

34. Plaintiff was and is currently financially harmed by the reliance on Defendant's advertisement and statements.

35. Enforcing the promises of Defendants is necessary to avoid injustice.

## COUNT V
### Misrepresentation and Fraud

36. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 35 of this Complaint.

37. The misrepresentations of Defendant were of material facts because the telephones and telephone service are of substantial value with the telephones being approximately $4,000 in value ($1,000 each) and the telephone service being $135.00 per month for a long-term contract.

38. The material facts and omissions of any known defects by Defendant were intentional, malicious, and/or negligent and for the purpose of deceiving Plaintiff.

39. Plaintiff was in fact deceived by the misrepresentations and omissions of Defendant.

40. Plaintiff justifiably relied upon those representations and omissions of Defendant to his detriment.

41. Plaintiff has been financially and emotionally harmed by Defendant's misrepresentations and omissions.

42. Defendant committed misrepresentations and fraud to the detriment of Plaintiff.

**WHEREFORE**, the Plaintiff requests this Honorable Court grant judgment in favor of the Plaintiff and against Defendant on all counts; order the Defendant to pay Plaintiff for all damages, including, but not limited to, the overcharges of telephone service, order compliance with the contract, punitive damages, attorney's fees, costs of suit, interest, as well as grant such other and further relief as the Court may deem just and appropriate.

DATED: December 10, 2025

_____
Kevin P. Sullivan
1063 River Avenue
Gardiner, Maine 04345
(207) 415-0302
kevinsullivanmaine@gmail.com

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

*Complete the caption that applies to your case:*

☒ Kevin P. Sullivan     Plaintiff/Petitioner

v.

U.S. Cellular     Defendant/Respondent

_____     Other Party

*"X" the court for filing:*

☐ Superior Court  ☒ District Court
☐ Unified Criminal Docket
☐ Supreme Judicial Court

County: Kennebec
Location (Town): Augusta
Docket No.: _____

**OR**

☐ IN RE: _____

## NOTICE REGARDING ELECTRONIC SERVICE

**NOTICE TO PARTIES**: All parties who are represented by an attorney are subject to the requirements of Electronic Service under Rule 5 of the Maine Rules of Civil Procedure, and Rule 49(d) of the Maine Rules of Unified Criminal Procedure.

**OPT IN**: *If you do not have an attorney*, papers that must be served on you <u>by other parties</u> in this case will be sent to you through the regular mail to your address of record. But **you have a choice** to allow other parties to serve you by sending documents electronically to your designated email address.

> **PLEASE NOTE: Any electronic service that you opt into applies only to papers served on you by other parties.** It does not apply to documents that are sent to you by the court or documents that you file with the court.
>
> **Even if you opt in to allow service by email, you can only send documents to the other parties by email if (1) they also opt in by completing this form, and (2) you can scan and create .pdf files of documents.**

<u>**If you choose not to opt in, you do not need to do anything**</u>. If you would like to receive papers electronically, you must meet the requirements set forth below. Check the appropriate box(es), sign, and mail or email the form to all other parties in the case. <u>Do not file this form with the Court</u>.

☒ **Electronic Receipt**: I choose to OPT IN to allow other parties to email me documents in this case. I have reviewed and meet all of the following electronic receipt requirements:

  ☒ I have a trusted email account and I have daily access to this account;
  ☒ I understand that **I will receive time-sensitive documents** through this email address including documents that may require me to take action in this case;
  ☒ This email account has available electronic storage of at least 1 gigabyte;
  ☒ This email account accepts emails with attachments of up to 10 megabytes; and
  ☒ I will be able to maintain this email account throughout this case.

Date (*mm/dd/yyyy*): 12/10/2025

▶ /s/ *[signature]*
Signature of Self-Represented Party
*(You do not have to print and sign this form. Typing your name above after /s/ will be accepted as an electronic signature.)*

Print name: Kevin P. Sullivan
Print email address: kevinsullivanmaine@gmail.com

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, **accessibility@courts.maine.gov**, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or **interpreters@courts.maine.gov**.

CR-CV-FM-255, Rev. 12/20     Page 1 of 1     www.courts.maine.gov
Notice Regarding Electronic Service