UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN P. SULLIVAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00028-LEW |
| | ) | |
| U.S. CELLULAR, | ) | |
| | ) | |
| Defendant | ) | |

## **ORDER**

Plaintiff Kevin P. Sullivan[1] brought this action against Defendant U.S. Cellular[2] in Maine District Court, concerning several months of disputed cell phone bills.  Defendant removed the matter to federal court, invoking diversity jurisdiction and promptly moved to compel Plaintiff to arbitrate his claims.  The matter is before the Court on Plaintiff's Objection to Notice of Removal (ECF No. 6) and Defendant's Motion to Compel Arbitration (ECF No. 9).

I.    **Removal**

Defendant's notice of removal is premised on diversity jurisdiction, which consists of two requirements applicable here: (1) complete diversity of citizenship of all plaintiffs from all defendants, and (2) an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332.  It is the second of these requirements that Plaintiff challenges.

---

[1] Plaintiff is an attorney licensed to practice in Maine and represents himself.

[2] T-Mobile USA, Inc., has been doing business as U.S. Cellular since it acquired U.S. Cellular in August 2025.  *See* Notice of Removal at 2 n.1; Def. Mot to Compel Arbitration at 1.

"The removing defendant carries the burden of establishing that the federal district court has subject matter jurisdiction over the action," which requires a showing of "a 'reasonable probability' that the amount in controversy is greater than $75,000." *Laughlin Kennel Co. v. Gatehouse Media, Inc.*, 202 F. Supp. 3d 178, 179 (D. Mass. 2016) (citations omitted).  Plaintiff's Complaint seeks "damages, including, but not limited to, the overcharges of telephone service, order compliance with the contract, punitive damages, attorney's fees, costs of suit, [and] interest," but does not specify an amount.  Compl., p. 7, Ex. 2 to State Court Record (ECF No. 10-2).  Defendant posits that between Plaintiff's breach of contract allegations and claims of emotional distress, the value of Plaintiff's requested damages plausibly exceed $37,500.  Notice of Removal ¶ 13 (ECF No. 1).  In addition, Defendant observes that Plaintiff alleges Defendant's actions were motivated by malice, *see* Compl. ¶ 38, and requests punitive damages, *see id.*, p. 7, which could exceed $37,500, as well.  Notice of Removal ¶ 14.  Defendant also observes that Plaintiff seeks an injunction "order[ing] compliance with the contract" for four free iPhones and four lines of service at $135 per month.  *Id.* ¶ 15 (quoting Compl., p. 7).  Finally, Defendant notes that Plaintiff's Complaint includes a request for attorney's fees, which would be permitted under the Maine Unfair Trade Practices Act, 5 M.R.S. § 213(2).  *Id.* ¶ 16.

Plaintiff questions his eligibility for a fee award, as an attorney representing himself in this action.  While attorney's fees may be included in the amount-in-controversy determination "when a statute mandates or allows the payment of the fees," it appears that whether a pro se plaintiff can recover attorney's fees under the Maine Unfair Trade Practices Act is an open question under Maine law.  *See Violette v. CBHH, LLC*, No. 2:19-

cv-00015, 2019 WL 2745728, at \*2 (D. Me. July 1, 2019), *R. & R. affirmed*, 2019 WL 3325802 (D. Me. July 24, 2019). Even assuming Plaintiff is not eligible to collect attorney's fees, Defendant has posited that Plaintiff's actual and punitive damages could exceed $75,000 on their own. The calculation justifying this conclusion is opaque, and Defendant's response to Plaintiff's objection does not offer any elaboration.

This gives me some pause. Defendant is correct that Plaintiff's objection does not specifically seek remand (and does not comment on the potential value of the case beyond questioning his entitlement to attorney's fees), but that observation does little to resolve the question before me. "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). This is a dispute over the alleged breach of a consumer contract for four free iPhones and lines of service to those devices—Defendant's unsubstantiated say-so does little to reassure me that there is a reasonable probability that the action meets the $75,000 jurisdictional threshold. Though it is perhaps a close call, Plaintiff's inclusion of a fraud claim along with the litany of requested remedies in his Complaint, to include punitive damages, and Plaintiff's apparent acquiescence to Defendant's valuation of his damages (with the exception of attorney's fees) suffice to assure me of federal jurisdiction.

## II.   Arbitration

Defendant has also moved to compel Plaintiff to arbitrate his claims, as he agreed to do when he accepted U.S. Cellular's terms and conditions when he activated his wireless service. The Federal Arbitration Act requires courts to compel arbitration when (1) a valid agreement to arbitrate exists, (2) the dispute falls within the scope of the agreement, and

(3) the party seeking to compel arbitration has not waived the right to do so. *Combined Energies v. CCI, Inc.*, 514 F.3d 168, 171 (1st Cir. 2008). Plaintiff does not contest the validity of the agreement, nor is he opposed to arbitrating his contract claims. *See* Pl. Resp. ¶¶ 2-4 (ECF No. 12). He also agrees that this matter may be stayed pending arbitration, notwithstanding his position that his statutory claims are not within the scope of the arbitration clause. *Id*. ¶¶ 6, 8. In light of Plaintiff's consent to arbitration and the concomitant stay of this matter, it seems that there is nothing for me to compel.

## CONCLUSION

Plaintiff's Objection to Removal (ECF No. 6) is OVERRULED. Defendant's Motion to Compel Arbitration (ECF No. 9) is GRANTED. This case will be subject to a stay pending arbitration. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024).

SO ORDERED.

Dated this 7th day of July, 2026.

/S/ Lance E. Walker
Chief U.S. District Judge

4